IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KORRINE DIGGS ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| vs. ) | |
| ) | |
| VIKING COLLECTION SERVICE, INC.) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff Korrine Diggs is an adult individual residing at 2657 Miller Street, Philadelphia, PA 19125.

5.Defendant Viking Collection Service, Inc. is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 2075 W Pinnacle Peak Road, #110, Phoenix, AZ 85027. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.  FACTUAL ALLEGATIONS

6.At all times pertinent hereto, Defendant was hired by Capital One to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Capital One (hereafter the "debt").

7.The debt at issue arises out of an alleged transaction that was primarily for personal, family or household purposes.

(a) On or about August 14, 2008, Defendant contacted Plaintiff at he place of employment in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.  During this conversation, Plaintiff advised Defendant on multiple occasions not to contact her at work as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment.

9.Notwithstanding, the above, on or about August 16, 2008, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.   During this conversation Defendant illegally threatened to garnish Plaintiff's wages if she did not pay the debt.

10.Notwithstanding, the above, on or about August 19, 2008, Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.

11. At all pertinent times hereto, when Defendant's representatives contacted Plaintiff, they were rude, impolite, obstanant and threatening.

12. The Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

(a) The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate with the Plaintiff at her place of employment when the Defendant knew or had reason to know that that such calls were inconvenient to her and that her employer did not permit such calls at her place of employment.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. Defendant knew or should have known that its actions violated the FDCPA and UTCPL. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and UTCPL, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages,

including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692e(4), 1692e(5), 1692e(10), and 1692f as evidenced by the following conduct:

    (a) Communicating with Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient for Plaintiff;

    (b) Communicating with the Plaintiff at her place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;

    (c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (d)    The representation or implication that nonpayment of a debt will result in seizure, garnishment, attachment or sale of any property or wages that is not lawful an/or that the Defendant did not intend to take;

    (e)    Threatening to take action that cannot be legally be taken and/or is not intended to be taken; and

    (f)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

24.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

25.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)    That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    (b)    That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (c)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    (d)    That the Court grant such other and further relief as may be just and proper.

## VI.  SECOND CLAIM FOR RELIEF- VIOLATING THE FCEUA AND UTPCPL

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

28. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

29. The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

30. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA.  Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) Communicating with Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient for Plaintiff;

    (b) Communicating with the Plaintiff at her place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;

    (c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (d) The representation or implication that nonpayment of a debt will result in seizure, garnishment, attachment or sale of any property or wages that is not lawful an/or that the Defendant did not intend to take;

    (e) Threatening to take action that cannot be legally be taken and/or is not intended to be taken; and

  (f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

32. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

### VII. JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

FRANCIS & MAILMAN, P.C.

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: September 10, 2008